No. ——

**First Circuit**

---

**REES v. BARRAS**

---

(Feb. 12, 1927. Opinion and Decree.)

---

*(Syllabus by the Editor.)*

1. Louisiana Digest—Libel and Slander—
   Par. 17, 41, 66.

Uncomplimentary remarks made by parties to each other such as "coquine et pas bonne" and "un beau coco", under stress of great excitement are not sufficient to cause any damages for slander.

(Civil Code, Art. 2315. Editor's note.)

Appeal from the Parish of St. Martin. Hon. James D. Simon, Judge.

Action by Mrs. Paul Rees against Ben Barras.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Emile Vuillemot, of New Iberia, attorney for plaintiff, appellant.

Voorheis & Labbe, of St. Martinville, attorneys for defendant, appellee.

LECHE, J. The present action is one to recover damages for slander. The District Court rejected plaintiff's demand and she has appealed.

The plaintiff is the widow of Paul Rees and defendant is the husband of Paul Rees' sister, so that plaintiff is the sister-in-law of defendant's wife, and defendant is the brother-in-law of the late husband of plaintiff.

David Rees, late father of Paul Rees and of Mrs. Barras, had owned property in the village of Breaux Bridge, part of which was acquired by Paul Rees, consisting of a lot of ground upon which the plaintiff resided at the time the events which caused this litigation took place. There were some differences between the plaintiff and the defendant as to the boundary line of the property of the late Paul Rees and the proper location of a fence which separates that lot from the rest of the property which once belonged to the estate of the late David Rees and in which defendant is interested. Whilst it does not appear that there ever had been any open rupture or difficulty between the parties, it is evident notwithstanding their disclaimers as witnesses, that both sides had nursed resentment and bitter feeling

on account of a wrong, whether fanciful or real it does not matter.

It was while the plaintiff and the defendant were in this frame of mind, on July 23, 1925, that according to the testimony of plaintiff, Ben Barnes came to the side fence of her premises, called and beckoned to her while she was in her yard, and after engaging in some conversation which is not made clear or very intelligible, told her that she wanted to steal what she had and that she was nothing but a "coquine et pas bonne".

Plaintiff further says that her daughter, Mrs. Eligie LeBlanc, who was present, then told defendant that he came there when the men were away, and that defendant then said: "The men who lives here are 'beaux cocos'." Defendant's version of the occurrence, is that on the morning of that same day, his calf was in plaintiff's yard and had been cruelly treated; he acknowledges going to the side fence of plaintiff's premises, and engaging in conversation with her about the manner she had treated his calf. He says that approbrious epithets were applied to him, that both plaintiff and her daughter were exceedingly excited, that both women called him a thief and that he did tell them, when they said that George, a young man, the son of plaintiff, was away and could not defend them, that George himself was a "beau coco".

The French word "coquine" means thief, and is often used in a jocular way in the sense of sly or cunning; "pas bonne" means not good and "coco" means a cocoanut, is mostly used as French slang, at least in the community where the writer of this opinion lives, to denote contempt.

"Un beau coco" in this part of the state means "a fine fellow" in a reproachful sense. The record is not clear as to what the parties meant in the use of these words.

One thing however, is perfectly evident, that the uncomplimentary remarks made by these parties to each other, were mutual, were made under the stress of great excitement and did not lower them in the esteem and consideration of the people of the community.

The plaintiff and defendant are conceded to be persons of good repute and it is overwhelmingly shown that their unfortunate quarrel has not hurt them in the least in the esteem of their neighbors and acquaintances.

Defendant had no right under the circumstances, knowing that an interview with plaintiff meant a quarrel, to go to plaintiff's premises and engage in reproachful remarks to her. But this does not entitle plaintiff to punitory damages. If any punishment was due to him, the criminal proceeding instituted against him was designed for that purpose.

We do not believe that plaintiff has suffered any damage.